IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| DONALD LONG | ) | Civil No.  6:11-cv-6284 |
| Plaintiff, | ) | |
| | ) | ORDER |
| | ) | |
| GORDON GILL; DOUGLAS OSBOURNE; | ) | |
| LANE COUNTY SHERIFF'S OFFICE; | ) | |
| and ROGER'S TOWING; | ) | |
| | ) | |
| Defendants. | ) | |

## Introduction

Plaintiff appearing *pro se*, brings claims alleging violations of his fourth, fifth  and fourteenth Amendment rights.  [#2].

Defendants move to dismiss on the grounds that plaintiff's claims lack sufficient facts to support a cognizable claim, are untimely, barred by the applicable two-year statute of limitations and were not properly served on the individual defendants.  [#11].

## Background

Plaintiff alleges that on or about September 20, 2009, Lane County Sheriff Deputy Gill caused plaintiff's truck to be towed from a parking lot.  [#2-p.5, Claim I].  In October 2009,

1 - ORDER

plaintiff contested the validity of the tow and a hearing was held. Deputy Osborne conducted the hearing and plaintiff appeared. In December 2009, plaintiff learned that the police report that supported his vehicle tow was not in the form of an affidavit.

## Discussion

### 1. **Motion to Dismiss**

A Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) is proper only where there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory. *Balisteri v. Pacific Police Dept.,* 901 F.2d 696,699 (9th Cir.1990). The issue is not whether the plaintiff is likely to succeed on the merits but if the complaint is sufficient to entitle the plaintiff to proceed beyond the pleadings in an attempt to establish his claim. *De La Cruz v. Torrey,* 582 F.2d 45, 48 (9th Cir 1978).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 554, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Thus, the court must

2 - ORDER

accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Intri-Plex tech., Inc. V. Crest Group, Inc.,* 499 F.3d 1048, 1050 n.2 (9th Cir.2007). The court's reliance on judicially-noticed documents does not convert a motion to dismiss into a summary judgment motion. *Id.* at 1052. However, the court need not accept as true, allegations that contradict facts that may be judicially noticed by the court. *Shwartz v. KPMG, LLP*, 476 F.3d 756, 763 (9th Cir 2007).

## 2. Plaintiff's claims:

Defendant moves to dismiss this matter because (1) it fails to state a claim, (2) it is untimely and (3) the summons was not properly served on defendants. [#11; #12; #20]

This matter was filed with the court on September 19, 2011. [#2]. As stated above, the incident underlying the claim occurred on September 20, 2009. Plaintiff's claim is thus timely filed within the two-year statute of limitations.

Simultaneous with filing this action, plaintiff applied for leave to proceed *informa pauperis*. [#1]. On October 31, 2011, the court granted plaintiff's motion and ordered the clerk to issue process and the Marshall's office to serve the summons and complaint. [#4]. Service must be reasonably calculated to apprise the defendant of the pendency of the action. *Baker v. Foy,* 99 Or.App. 410, 414 (1989). Defendants' response indicates that they are so apprised and thus plaintiff's service is deemed adequate.

3 - ORDER

Plaintiff is proceeding *pro se.* His claims of constitutional violation stem from the impounding of his truck by the Lane County Sheriff.

The impoundment of an automobile is a seizure within the meaning of the Fourth Amendment. *Miranda v. City of Cornelius,* 429 F.3d 858, 862 (9th Cir. 2005). A seizure results if "there is some meaningful interference with an individual's possessory interests in that property." *Soldal v. Cook County*, 506 U.S. 56, 61 (1992). The Fourth Amendment protects against unreasonable interferences in property interests regardless of whether there is an invasion of privacy. *Id.* at 62-64.

"A seizure conducted without a warrant is *per se* unreasonable under the Fourth Amendment-subject only to a few specifically established and well delineated exceptions. The burden is on the Government to persuade the district court that a seizure comes under one of a few specifically established exceptions to the warrant requirement." *United States v. Hawkins,* 249 F.3d 867, 872 (9th Cir.2001) (internal quotation marks and citations omitted). Thus to comport with the Fourth Amendment prohibition against unreasonable seizures, an impoundment must be reasonable under all the circumstances known to the police when the decision to impound is made. *South Dakota v. Opperman*, 428 U.S. 364, 372-73 (1976).

At this stage of the proceedings, plaintiff's allegations, while they may not survive future dispositive motions, are sufficient to state a claim.

4 - ORDER

<u>Conclusion</u>

Based on the foregoing, defendants' Motion to Dismiss [11] is DENIED.

IT IS SO ORDERED

DATED this ____*18th*____ day of  August, 2012.


UNITED STATES DISTRICT JUDGE

5 - ORDER