IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD LONG,

    Plaintiff,

v.

GORDON GILL; DOUGLAS OSBORNE;
LANE COUNTY SHERIFF'S OFFICE; and
ROGER'S TOWING,

    Defendants.
_____

Case No. 6:11-cv-06284-MC

ORDER

MCSHANE, Judge:

Following a jury verdict for plaintiff, defendants move to amend the judgment under rule 59(e) while plaintiffs move for costs and fees. As explained below, defendants' motion to amend the judgment is GRANTED. Plaintiff's motions for fees and costs is GRANTED in part and DENIED in part.

**Motion to Amend Judgment**

Over a defense objection, I allowed plaintiff to proceed on alternative claims for relief on his Fourteenth Amendment due process claim. The first theory was that defendants failed to adequately train its officers to conduct hearings challenging decisions to impound vehicles. In the alternative, plaintiff alleged defendants violated his due process rights based on an official

1 – OPINION AND ORDER

policy, practice, or custom regarding impoundment hearings. The jury found for plaintiff on both theories, awarding $10,000 on the failure to train claim and $15,000 on the policy, practice, or custom claim.

Despite plaintiff's arguments, it is clear that the damage awards on the Fourteen Amendment claims were duplicative. These are not punitive damages. They are plaintiff's damages suffered from a violation of his constitutional right to a fair hearing to contest the decision to impound his vehicle. That I allowed plaintiff to proceed on alternative theories on this single claim does not somehow mean plaintiff is entitled to double recovery. Plaintiff cites *Yeti by Molly, Ltd. v. Deckers Outdoor Group*, 259 F.3d 1101 (9th Circuit), but that case is not analogous to the situation here. In *Deckers*, the jury awarded five damages figures on five causes of action. *Id*. at 1110. Here, defendants challenge two damage awards for a single cause of action. Plaintiff also relies on *Gentile v. County of Suffolk*, 926 F.2d 142, 153 (2d Cir. 1991), but the court there agreed that "when a plaintiff seeks compensation for the same damages under different legal theories of wrongdoing, the plaintiff should receive compensation for an item of damages only once." That is exactly what plaintiff seeks here, the same damages from alternative legal theories on how exactly the defendants violated his Fourteenth Amendment right to a fair hearing. This is clear error. Because the jury awarded duplicative damage awards, defendants' motion to amend the judgment is GRANTED.

**Motions for Attorney Fees and Costs**

Plaintiff filed a *pro se* cost bill for costs he incurred before the court appointed attorney agreed to represent him. ECF No. 132. Plaintiff filed a one-page document which lists $20 for discovery, $50 for postage, and $42 for copies. The submission is woefully inadequate. Plaintiff does not state, for example, whether he paid $42 for one copy or 1 cent for 4,200 copies. Plaintiff

2 – OPINION AND ORDER

does not state what he copied, or why the copies were necessary to the litigation. The single $55 for "postage" is equally unclear. Plaintiff provides no description of the $20 cost for "Discovery." Defendants objected to this bill of costs. Plaintiff provided no response to the objections and the time to do so has passed. Plaintiff's *pro se* cost bill, ECF No. 132, is DENIED.

As the prevailing party in this section 1983 action, plaintiff moves for attorney's fees under 42 U.S.C. § 1988(b). Attorney Melissa Wischerath accepted this case under the court's *pro bono* representation program. Wischerath seeks $26,877.50 in attorney's fees and $1500 in fee petition expert fees. Defendants do not object to the expert fees, but object in part to some of Wischerath's claimed hours. Attorney Marianne Dugan, Wischerath's mentor, requests $9457.50 in fees. Defendants object to all of Dugan's requested fees.

In determining a reasonable attorney fee, the court applies the lodestar method to determine the reasonable hourly fee, and then multiple that by the number of hours the attorney reasonably spent on the case. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Courts review the billing hours submitted to determine whether the prevailing attorney could have reasonably billed the claimed hours to a private client. *Id*. Hours that could not reasonably be billed to a private client are not recoverable under section 1988. *Id*. at 1203. "[E]xcessive, redundant, or otherwise unnecessary" hours are not recoverable. *Id*. (quoting *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2008).

Wischerath submits the Oregon State Bar 2012 Fee Survey in support of her request for $195 per hour. Defendant does not object to the hourly rate and I conclude this rate is reasonable here. Defendants make only a few specific objections to Wischerath's requests. For example, defendants argue the motions in limine were unnecessary and plaintiff should not recover for

3 – OPINION AND ORDER

those hours. I have reviewed the 3.5 pages of line-by-line requests Wischerath submitted. *See* ECF 128-1, 1-4. I conclude the 137.50 hours requested, including roughly 9 hours for researching and drafting motions in limine, are reasonable here. Wischerath, a relatively inexperienced attorney in her first trial, quickly caught up to speed, proceeded to trial, and obtained a jury verdict in plaintiff's favor on both claims. The hours requested are not excessive. Wischerath's requested fees of 26,877.50 is GRANTED.

Wishcherath also requests fees for hours spent preparing the reply to the motion for attorney's fees, and hours spent responding to the motion to amend the judgment. The 14.27 hours requested for responding to the motion to amend the judgment are DENIED. As described above, the motion to amend judgment is granted. Wischerath seeks to recover for 6.54 hours in replying to the motion for fees. As described below, much of that reply was spent discussing Dugan's entitlement to fees, which is DENIED. I conclude three hours is reasonable to spend on the reply. At $195 per hour, Wischerath is entitled to an additional $585, for a total fee award of $27,462.50. The $1,682.70 in expenses sought, including $1500.00 for the expert fee petition, are recoverable as expenses which would normally be charged to a fee-paying client.

Dugan, Wischerath's mentor, seeks fees of $9,457.50. Wischerath argues "[t]he fact that two attorneys were involved in such a complex case should not reduce the fees that are awarded." Motion for Fees, 3. This case was anything but complex. This case revolved around one tow, and one hearing to contest the tow. There were two distinct claims, one for illegal seizure based on the impoundment, and one for a violation of plaintiff's due process rights based on the hearing to challenge the validity of the impoundment. There were few witnesses. The trial lasted less-than two days. Because this was a simple case, I agreed, with the consent of the

parties, to drastically shorten the number and amount of pretrial documents, in large part to keep expenses low.

Plaintiff, proceeding *pro se*, succeeded in defeating defendants' motion for summary judgment. In doing so, plaintiff, still appearing *pro se*, proceeded to just about win a directed verdict on his due process claim, as discussed in my October 3, 2013 opinion. Although this was Wischerath's first trial, that is reflected in her hourly rate of $195. That Wischerath's mentor sought to sit in on the trial of this simple case does not mean defendants are bound to pay for Dugan's decision to volunteer her time. Dugan filed an appearance the day before trial started. Dugan seeks to recover for time dating months before her appearance, when no one other than Wischerath knew Dugan was involved in any way on this simple case. Dugan never sought to be appointed by the court.

As noted, Wischerath accepted this case upon referral under the court's *pro bono* program. Recovering nearly $10,000 in attorney's fees based on a mentorship relationship is inappropriate here, especially considering that this was an extraordinarily simple case. The Oregon *Pro Bono* Program states "The mentor attorney will not be added as co-counsel of record on the case docket sheet or otherwise be associated with the case in any way." If Wischerath felt the case was too complex to handle on her own (not counting minimal volunteer assistance from her mentor), she should have notified the court prior to the motion for fees. In that instance, I could have appointed a more experienced attorney or even simply allowed Mr. Long to proceed *pro se*, as he already obtained great results on his own. Dugan's request for fees is DENIED.

/ / / /

/ / / /

Defendants' motion to amend judgment (ECF No. 134) is GRANTED. Plaintiff's motions for fees, ECF No. 127, is GRANTED in part and DENIED in part. Plaintiff's bill of costs, ECF No. 132, is DENIED.

IT IS SO ORDERED.

DATED this 10th day of July, 2014.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge